(Pleito No. 155.—Fallado en Octubre 31 de 1901.)

## Rivera contra Boneta.

Recurso contra sentencia dictada por la Corte de Distrito de Arecibo.

1.—Recursos.  Las infracciones alegadas como cometidas en la apreciación de las pruebas por el Tribunal inferior, no son estimables en casación, á no haberse impugnado en la forma legal correspondiente.

2.—Prescripción.  En una demanda intentada para anular una hipoteca é invalidar un título adquirido por prescripción, es necesario que el demandante pruebe su derecho al dominio de la cosa.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á treinta y uno de Octubre de mil novecientos uno, en el juicio declarativo de mayor cuantía iniciado en la Corte del Distrito de Arecibo por la sucesión de Don Wenceslao Rivera y de Doña Marciala Soto, agricultores y vecinos de Arecibo, con Don Tomás Boneta y Balet, propietario de la misma vecindad, pendiente ante Nos, en virtud de recurso de casación por infracción de ley, interpuesto por la parte demandante y sostenido en su defensa y representación por el Letrado Don Manuel F. Rossy, habiéndolo sido la parte recurrida por el Licenciado Don Félix Santoni, quien si bien impugnó por escrito el recurso, no concurrió al acto de la vista; siendo el pleito sobre nulidad de expediente posesorio é inscripción del mismo, así como de la hipoteca constituída en predio y consiguiente inscripción en el Registro de la Propiedad.—Primero.  Resultando: Que el Licenciado Don Enrique González Darder, á nombre y en representación de Don Jesús María, Doña María del Carmen, Doña María de los Angeles, asistida de su esposo Don Juan Sepúlveda, Don Francisco, Doña María Josefina y Doña María Cecilia Rivera y Soto, herederos ab-intestato de sus padres Don Wenceslao Rivera Fuentes. y Doña Micaela Soto Menéndez, y con fecha quince de Diciembre de mil novecientos, presentó demanda ante el Tribunal de Arecibo,

contra Don Tomás Boneta sobre nulidad de un crédito hipotecario, cuya demanda funda en los siguientes hechos:— 1º Que Doña Marciala Soto y Rivera compró á su padre Don Fermín Soto, en unión de sus hermanos Don José Ramón y Doña Nicolasa Soto, un predio rústico situado en el barrio de Hato-Viejo de aquel término municipal, compuesto de catorce cuerdas más un cuadro de terreno, ya casada con Don Wenceslao Rivera Fuentes, según escritura de venta de diez y nueve de Junio de mil ochocientos sesenta.—2º Más luego, la misma Sra. Soto de Rivera compró á los hermanos Sres. Don Lorenzo y Don Domingo Lezcano otra porción de terreno de vega, compuesto de seis cuerdas menos tres varas, á cuyo acto compareció como mandatario su esposo Don Wenceslao Rivera, de cuya escritura de venta formulada en veinte y uno de Marzo de mil ochocientos sesenta y cinco, con el número 111, se acompaña copia.—3º Que en quince de Setiembre de mil ochocientos ochenta y ocho Doña Nicolasa Soto y Menéndez, hermana legítima de Doña María Soto de Rivera, vendió á su hermano político Don Wenceslao Rivera, bajo contrato privado, la parte de terreno que le correspondiera en la compra que en unión de sus otras hermanas hiciera á su legítimo padre Don Fermín Soto, ascendentes á cinco cuerdas próximamente.—4º Que en diez y nueve de Enero de mil ochocientos noventa falleció Don Wenceslao Rivera Fuentes, sin formalizar testamento, dejando nueve hijos, menores los dos últimos.—5º Que en diez de Noviembre de mil ochocientos noventa y tres, Doña Marciala Soto, viuda de Rivera, olvidando que los bienes que poseyera tenían el carácter de intestados gananciales y de menores, y más aún, los títulos de propiedad de dichos bienes no inscritos, formuló escrito de información posesoria sobre dichos bienes ante el Juzgado, la que se llevó á efecto en vista de lo alegado acerca de que carecía de títulos eficientes escritos, cuya información se practicó siendo inscritas las dos fincas que se expresaban en el Registro de la Propiedad del partido, con los números 1,453 y 1,454, en diez y seis de

Octubre de mil ochocientos noventa y cuatro.—6? Que el único punto verdadero del expediente es el que se relaciona con la compra que la referida Doña Marciala Soto, ya casada con Don Wenceslao Rivera, hiciera á Don Juan Antonio Romero y Soto, de cuatro y media cuerdas de terreno de vega, de las cuales no existe documento que lo acredite. —7? Que inscrito ya el repetido posesorio en el Registro de la Propiedad, la actora procedió á hipotecar á Don Tomás Boneta las fincas referidas, sin tener en cuenta la calidad de gananciales de los referidos bienes, sin reconocer por tanto el derecho de sus hijos mayores y menores, sin llenar siquiera los requisitos de la ley en cuanto á expedientes de utilidad y mejoras, gravando y perjudicando, valida de una información posesoria falsa, la legítima paterna que en su carácter de hijos legítimos les correspondía á éstos, y alegando á sus hijos que sólo lo hacía en la parte que á ella correspondía de la sociedad de gananciales.—8? Que al fallecimiento de la citada señora, ocurrido en primero de Diciembre de mil ochocientos noventa y ocho, sin formalizar testamento, los referidos hijos practicaron las oportunas diligencias con objeto de conocer el estado de sus bienes heredados de su padre y se hallaron en la circunstancia tristísima de verlos perjudicados, y sin recursos en el momento con que practicar las diligencias del caso.—9? Que en Octubre de mil ochocientos, Don Francisco Rivera Soto, hijo legítimo de Don Wenceslao y Doña Micaela, presentó escrito en su nombre y en el de sus demás hermanos al objeto de que se procediera á declararlos herederos de sus susodichos padres, y de su legítimo hermano Don Pedro José, fallecido en nueve de Agosto de mil ochocientos noventa y nueve; y 10? Que próximo á prescribir el expediente posesorio ya dicho, el Don Francisco Rivera, con objeto de preparar esta demanda, intentó juicio de conciliación con el acreedor hipotecario Sr. Boneta, con objeto de que cancelase ó retirase el crédito hipotecario que pesaba sobre las fincas de referencia por basarse en un expediente

posesorio, el cual resultaba falso en su mayor parte ; dedujo fundamentos de derecho y suplicó se declarase en definitiva nulo el expediente posesorio, así como la inscripción del mismo hecha en el Registro de la Propiedad, tomar en el mismo anotación de esta demanda, declarar también nula la escritura hipotecaria é inscripción de la misma en el Registro; que los referidos bienes queden á la disposición de los herederos y en su consecuencia condenarse á Don Tomás Boneta á que alce ó cancele el crédito hipotecario que gravita sobre las fincas de quince y media cuerdas y cuatro y media, y si no lo hiciese en el término que se le señale, acordar el libramiento de los oportunos mandamientos al Registro para su cancelación, solicitando por otrosí el recibimiento á prueba.—Segundo. Resultando : Que á la demanda acompañó los documentos siguientes: testimonio de escritura otorgada en Arecibo á diez y nueve de Junio de mil ochocientos sesenta ante el Escribano Don Francisco Torres, por la cual Don Fermín Soto hace venta á favor de sus legítimos hijos Don José Ramón, Doña Marciala y Doña Nicolasa Soto, de un pedazo de terreno con casa habitación en el barrio de Hato-Viejo, compuesto de catorce cuerdas y un cuadro, con los linderos que expresa ; testimonio de escritura otorgada también en Arecibo en veinte y uno de Marzo de mil ochocientos sesenta y cinco, ante el citado escribano, por la cual Don Domingo y Don Lorenzo Lezcano venden á Doña Marciala Soto, esposa de Don Wenceslao Rivera, seis cuerdas menos tres varas de terreno de vega, en el barrio de Hato-Viejo, divididas en dos porciones la una de cuatro cuerdas y colindante por el Norte, Don Fermín Soto, Saliente Doña María, José Soto, y Poniente y Sud la hacienda "San Pedro," y la otra de dos cuerdas menos tres varas lindante por el Norte el Río-grande, Saliente la compradora y Poniente y Sud la misma hacienda "San Pedro;" un documento privado de fecha quince de Septiembre de mil ochocientos ochenta y ocho, por el cual Doña Nicolasa Soto vendía á Don Wenceslao Rivera un predio rústico radicado en

el barrio de Hato-Viejo, compuesto de cinco cuerdas y que había adquirido de su padre Don Fermín y que no describe por hallarse unido á igual número de cuerdas, compradas por Doña Marciala, hermana de la vendedora, al mismo Don Fermín; copia simple del expediente de jurisdicción voluntaria promovido por Doña Marciala Soto para acreditar la posesión á nombre propio y á título de dueña de un predio rústico compuesto de veinte cuerdas, radicadas en el barrio de Hato-Viejo, de Arecibo, y dividido en dos porciones: la primera de quince y media cuerdas de vega á pastos con una casa, colindante al Norte con terrenos de Don Manuel Olmo y Balseiro, al Sud con finca de Don Domingo Lezcano y García y de Don Luis de Ealo y Domínguez, al Este el referido Don Manuel Olmo y Balseiro, y el Don Luis de Ealo, y al Oeste este último; y la segunda de cuatro y media también á pastos, lindante al Norte con finca de Don Manuel Olmo y el Río-grande, al Sud con el mencionado Sr. Olmo, al Este con la sucesión de Don Lorenzo Lezcano y el Rio-grande, y al Oeste con el citado Don Manuel Olmo, cuyo expediente fué aprobado por auto de veinte y seis de Febrero de mil ochocientos noventa y cuatro, inscribiéndose en el Registro de la Propiedad en diez y seis de Octubre del mismo año; certificación del auto dictado en cuatro de Octubre del año próximo pasado mil novecientos, por el Juzgado de Arecibo, en el cual se declaran herederos ab-intestato de Don Wenceslao Rivera Fuentes y Doña Marciala Soto y Menéndez, á sus hijos los promoventes de este juicio, á los cuales por la defunción de su hermano Don Pedro Rivera Soto, se les declara también herederos de éste; certificación del acto de conciliación intentado entre Don Francisco Rivera y Don Tomás Boneta, ocurrido el diez y siete de Octubre de mil novecientos; y por último, certificación de otro acto de conciliación celebrado en trece de Diciembre del año mil novecientos, entre la parte demandante y el demandado.—Tercero. Resultando: Que admitida la demanda y conferido traslado al demandado, la contestó á su

nombre el Letrado Don Félix Santoni, quien opuso á ella los siguientes hechos.—1? Que las fincas descritas en el expediente posesorio, que fueron hipotecadas á su favor por escritura de veinte y cuatro de Enero de mil ochocientos noventa y cinco, no son las mismas á que se refieren las escrituras presentadas por los demandantes, que ni siquiera tienen nota de habérseles negado la inscripción en el registro.— 2? Que en el supuesto caso de existir la negada identidad, han transcurrido más de seis años desde la fecha del auto de aprobación del expediente posesorio, dictado por el Juzgado de Arecibo el veinte y seis de Febrero de mil ochocientos noventa y cuatro.—3? Que aun sin remontarse á aquella fecha, ha transcurrido el expresado término de seis años desde la inscripción del expediente en el Registro de la Propiedad por haberse verificado esa en diez y seis de Octubre de mil ochocientos noventa y cuatro y el acto conciliatorio se celebró el diez y siete de Octubre de mil novecientos, cuando ya se había adquirido por prescripción el dominio.—4? Que habiendo confesado los demandados en el hecho 10 que la finca litigiosa fué adquirida por la sociedad conyugal, es viciosa su pretensión de nulidad del crédito hipotecario, en cuanto á la parte gravada, que pertenece á Doña Marciala, pues á ésta pertenecería la mitad de los bienes, conforme al derecho; dedujo fundamentos de derecho y estableció reconvención que fundó en que Doña Marciala Soto, atribuyéndose maliciosamente la propiedad y dominio de las fincas que hipotecó á Don Tomás Boneta, por escritura otorgada en Arecibo en veinte y cuatro de Enero de mil ochocientos noventa y cinco y dos de Noviembre de mil ochocientos noventa y siete, obtuvo dos mil pesos en calidad de préstamo, contrato que realizó por aquella falsa manifestación, y por consiguiente sus herederos vendrían hoy obligados á la responsabilidad civil derivada del delito de falsedad ó á la indemnización de daños y perjuicios; que la mitad de las fincas descritas en el posesorio pertenecían á Doña Marciala Soto, y admitiendo la condición de bienes gananciales que

le atribuye la demanda, es insuficiente para cubrir el préstamo hipotecario y sus intereses, resultando que los herederos están obligados á responder con su pretendida parte; dedujo fundamento de derecho y suplicó se declarase sin lugar la demanda, con las costas á los demandantes, y en su caso estimar con lugar la reconvención, condenándose á los herederos de Doña Marciala Soto á la indemnización civil correspondiente por el delito cometido, ó á los daños y perjuicios ocasionados.—Cuarto. Resultando: Que conferido traslado de la reconvención á la parte actora, lo evacuó interesando se declarase sin lugar dicha reconvención, fundándose en que las fincas descritas en el posesorio son las mismas hipotecadas al demandado, y las que se relacionan en las escrituras por él presentadas, que antes de transcurrir los seis años de posesión ya sus representados gestionaban la manera de arreglar este asunto, que la conversión de posesión de dominio no se había verificado, por necesitar trámites y requisitos que no se habían cumplido y que no habiendo delito no podía haber responsabilidad civil.—Quinto. Resultando: Que señalado día para proposición de pruebas, las partes suministraron las que creyeron procedentes y sustanciado el juicio la Corte de Arecibo dictó sentencia en seis de Abril de mil novecientos uno, absolviendo al demandado Don Tomás Boneta de la demanda contra él interpuesta por la sucesión Rivera, con las costas á cargo de ésta, porque no se justificó ni la identidad de los terrenos en cuestión, ni el dominio á favor de los reclamantes, toda vez que éste ya lo había adquirido por prescripción Doña Marciala Soto, que tenía á su favor la posesión inscrita, y declarando sin lugar la reconvención del demandado, que subsidiariamente se interpuso.—Sexto. Resultando: Que contra esta sentencia se ha interpuesto á nombre de la sucesión demandante, recurso de casación por infracción de ley, autorizado por los números 1º, 2º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—
1º Infracción de los artículos 657 á 661 del Código, cuyo

contenido contraría y viola la sentencia recurrida, desde el momento en que dando validez al expediente posesorio y á la hipoteca del Sr. Boneta sobre bienes hereditarios, desvirtúa el concepto de la herencia, reduciendo los bienes de ésta, é impide que los herederos de Don Wenceslao sucedan á éste en los derechos que dejó al morir.—2º Los artículos 806, 807, 809, 813 y 932 del Código, porque si la legítima de los herederos forzosos, la cual la constituyen en la sucesión intestada todos los bienes del difunto, que se distribuirán igualmente entre sus hijos legítimos, no puede ser limitada ni gravada en perjuicio de los herederos por el mismo testador, es indudable que tampoco puede hacer eso otra tercera persona, como lo hizo Doña Marciala hipotecando al Sr. Boneta bienes que constituían la legítima paterna de sus hijos, después de haberse titulado ella equivocadamente dueña exclusiva de esos bienes.—3º Los artículos 1,392, 1,401, 1,417 y 1,426 que definen lo que son bienes gananciales para dividirlos por iguales partes entre marido y mujer, ó sus *respectivos herederos* al disolverse la sociedad; cuyos preceptos viola la sentencia recurrida, reconociendo facultad en el cónyuge viudo para hacer suyos unos bienes que tienen el carácter de gananciales é hipotecados por sí á favor de tercera persona.—4º Siendo indiscutible el derecho de los herederos de Don Wenceslao á ser dueños de la mitad de los bienes que éste dejó al morir, existe comunidad de bienes entre ellos y Doña Marciala, según el artículo 392 del Código, y á toda lo más que pudo extenderse la hipoteca es á la parte que legítimamente le correspondiera al practicarse la división como dispone el artículo 399.—5º Los artículos 33, 393 y 394 de la Ley Hipotecaria, porque las inscripciones no convalidan los actos ó contratos nulos, mucho menos la inscripción de la nueva posesión, que no puede convertirse en dominio sino por la prescripción y con las demás formalidades del artículo 393.—6º Cierto que la Orden Judicial de cuatro de Abril de mil ochocientos noventa y nueve redujo á seis los veinte años de la prescripción, reco-

nociéndole efecto retroactivo; pero esa Orden ha sido interpretada erróneamente y aplicada indebidamente, porque para la prescripción del dominio y demás derechos reales, entre ellos la posesión, se necesita poseer las cosas con buena fe, artículo 1,940, y la buena fe consiste en la creencia de que el trasmitente era dueño de ella, artículo 1,950, exigiéndose también para la buena fe que el poseedor ignore que en su título existe vicio que lo invalide, artículo 433. Y estos artículos del Código Civil se han infringido, porque Doña Marciala sabía que esos terrenos, que ella se adjudicó, procedían de su matrimonio y que al morir su esposo se traspasaban á sus hijos.—7? Habiéndose hecho la citación para la conciliación un día antes de vencer los seis años para la prescripción, presentándose la demanda dentro de los dos meses, es evidente que se cumplió para la interrupción con el artículo 1,947 del Código que también se ha infringido. Reproduce además las infracciones alegadas en el escrito del inferior.—8? En cuanto á la apreciación de la prueba estimó como infringido el artículo 1,214 del Código Civil, en razón á que la identidad de la finca quedó por nuestra parte perfectamente comprobada con los documentos de la foja 2 al 10 inclusive de estos autos, que no han sido impugnados en manera alguna por el adverso, de la certificación de la foja 11 únicamente ó sea en cuanto en la misma dice el Alcalde el sitio y capacidad de los terrenos objeto del expediente posesorio, que convienen con los documentos presentados con la demanda y por consiguiente, si el adverso estimó que no era la misma, ha debido probar su negativa, que envuelve una afirmación; además de la prueba testifical consta en corroboración á lo consignado por la declaración conteste de los testigos Don Merciades Borrás, Don Telésforo Molinas y Don Miguel Martínez, que los terrenos discutidos é hipotecados á virtud del expediente posesorio tan anormal, son los mismos objeto de este pleito, así como también que los esposos Rivera nada aportaron al matrimonio.—9? En la infracción del artículo 358 de la Ley de Enjuiciamiento

Civil, por cuanto la sentencia no es congruente con lo alegado y probado, y por consiguiente, debiendo éstas ser claras, precisas y congruentes con la demanda y demás pretensiones deducidas en el pleito, es evidente que basándose la demanda en la nulidad de un expediente posesorio y del crédito hipotecario basado en la inscripción nula de dicha posesión, precisamente porque se había hecho caso omiso al carácter de sucesión legítima que tienen mis representados respecto á la cual ni para formar el expediente posesorio ni para hacer la inscripción del crédito hipotecario y la redacción de la escritura del mismo, para nada se tuvo en cuenta el carácter de herederos de mis representados de su legítimo padre; no sólo pasaron por alto lo que pudiera favorecerles con tal carácter de herederos, sino que tampoco hicieron mención de que hubieran podido perder sus derechos hipotecarios, ni con asentimiento ni sin asentimiento de dicha sucesión, por la sencilla razón de que el objeto era dar forma de legalidad á un acto y á un contrato como los que informaron el expediente posesorio y crédito hipotecario dicho, que por ser contrarios á la ley y estar realizados en perjuicio de los derechos hereditarios de mis representados, estaban viciados de nulidad por ministerio de la misma ley; por eso es la manifiesta incongruencia de la sentencia con lo alegado y probado.—10º En la infracción del artículo 1,242, 1,243 y 1,218 del Código Civil, por cuanto, acreditada la identidad de la finca por los documentos acompañados con la demanda, dos de los cuales, marcados con los números 1º y 2º son públicos y ninguno de ellos ha sido redargüido de falso, es evidente que no puede estimarse la declaración pericial del Sr. Janer, por cuanto él no afirma que la finca identificada sea otra, y aunque así lo hiciera, su dicho de nada valdría ante la evidencia de los documentos acompañados con la demanda; de la prueba testifical practicada, del interés de á última hora en demostrarse por el adverso que la finca discutida no es la misma; en que no consta que Doña Marciala Soto tuviera otros

bienes inmuebles que los que han sido objeto del anormal expediente posesorio, desfigurando en él la realidad consignada en los documentos acompañados con la demanda, y sobre todo, en que al expediente posesorio ha seguido inmediatamente la redacción de la escritura hipotecaria dicha, que parece esperaba para ser redactada á que se terminara tan inexacto y anormal expediente posesorio.—Visto: Siendo Ponente el Juez Asociado Don José M.ª Figueras Chiqués.—1.º Considerando: Que para demostrar la parte recurrente las infracciones alegadas en los motivos del 1.º al 4.º inclusive, y las reproducidas del escrito del inferior, parte del supuesto de hecho de haber probado el dominio y la identidad de los terrenos que pretende reivindicar, afirmación contraria á la que establece el Tribunal sentenciador por el resultado de las pruebas, lo que no puede hacerse en casación, sino impugnando éstas en la forma legal correspondiente.—2.º Considerando que es asimismo improcedente el 5.º, 6.º y 7.º motivos, referentes á la prescripción, porque en pleito de esta índole, la razón fundamental de la absolución de la demanda, es la de que los demandantes no han probado ser dueños de la cosa litigiosa, y todos los razonamientos con que, á más de éste, se pretenda robustecer la sentencia absolutoria, podrán ser más ó menos atinentes, pero son innecesarios.—3.º Considerando: Que al tratar el recurrente del error en la apreciación de las pruebas, en los motivos 8.º y 10.º, cita como infringidos los artículos 1,214, 1,242, 1,243 y 1,218 del Código Civil, pero aparte de que los tres primeros no se refieren al valor que deba darse á las pruebas, no se llena en ninguno de los citados los requisitos exigidos en el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, por no fijarse de una manera concreta cuáles fuesen los errores de hecho ó de derecho que á juicio del recurrente hubiera cometido la Corte de Arecibo por lo que, con arreglo al número 9.º del artículo 1,727 de la citada ley, es improcedente el recurso.—4.º Considerando en cuanto al 9.º motivo: Que la sentencia que absuelve de la demanda, en conformidad con lo pedido

por el demandado, y estima cualquiera de las excepciones que el mismo hubiera alegado al contestar la demanda es notoria y á todas luces congruente; y hallándose en este caso la sentencia recurrida, resulta que no se ha infringido, como se supone, el artículo 358 de la Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por la sucesión de Don Wenceslao Rivera y de Doña Marciala Soto, á quien condenamos en las costas; y líbrese á la Corte de Arecibo la certificación correspondiente con devolución de los autos á los efectos procedentes. —Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras. —J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José M.ª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á treinta y uno de Octubre de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto*.